IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>              )<br>     Plaintiff,    )<br>              )<br>vs.           )<br>              )<br>KUFUO K. WILSON,    )<br>              )<br>     Defendant.    )<br>_____ ) | No. CR 13-1783-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Motion to Reconsider Motion to Suppress Ruling (Doc. 72) filed by Defendant Kufuo K. Wilson ("Wilson").

"The Federal Rules of Criminal Procedure do not expressly permit motions for reconsideration." *United States v. Masters*, No. 2:12–cr–00145–MMD–GWF, 2012 WL 5378194, at *6 (D.Nev. Oct. 30, 2012). "District courts presented with motions for reconsideration in criminal cases typically evaluate them under the same standard applicable to a civil motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e)." *United States v. Garivay*, No. CR–13–1070–PHX–SRB (LOA), 2013 WL 6577320, at * 2 (D.Ariz. 2013), *citations omitted*.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). However, motions for reconsideration

are disfavored. *See generally Northwest Acceptance Corp. v. Lynnwood Equipment, Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Indeed, a motion for reconsideration is not to be used to ask a court "to rethink what the court had already thought through – rightly or wrongly." *Above the Belt, Inc. v. Mel Bohanan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983) (limiting motions for reconsideration to cases where the court has patently misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court, where the court has made an error not of reasoning but of apprehension, or where there has been a controlling or significant change in the law or facts since the submission of the issue to the court); *see also Garivay*, 2013 WL 6577320 at *2 ) (granting motion for reconsideration appropriate only when a district court is presented with newly discovered evidence, committed clear error or the initial decision was manifestly unjust, or there has been an intervening change in controlling law).

Wilson requests this Court to reconsider its ruling denying him an evidentiary hearing on his Motion to Suppress. Wilson asserts he presented a *prima facie* basis for an evidentiary hearing. Wilson asserts that no one challenges that the government used the alien checkpoint to search for drugs. Therefore, Wilson asserts the onus is on the government to prove that the warrantless search fell within an exception to the Fourth Amendment.

In *United States v. Wilson*, the Ninth Circuit Court of Appeals upheld the denial of an evidentiary hearing by a district court on a motion to suppress evidence found at a border patrol checkpoint. In upholding the decision of the district court not to hold an evidentiary hearing, the Court noted that defendant's Motion to Suppress did not indicate any contested issues of fact sufficient to require an evidentiary hearing. *United States v. Wilson*, 7 F.3d 828, 834-835 (9th Cir. 1993). Similarly, Wilson has not alleged "facts with sufficient definiteness, clarity, and specificity to enable [this Court] to conclude that contested issues of fact exist[,]" *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir.2012), as to whether the checkpoint was reasonable under the individual circumstances. *United States v. Fraire*, 575 F.3d 929, 932, 934 (9th Cir. 2009) (reasonableness of checkpoint is evaluated in light

1    of (1) the gravity of the public concerns served by the checkpoint, (2) the degree to which
2    the checkpoint advances that interest (considering relationship of the checkpoint to the
3    objective rather than by results), and (3) the severity of the interference with individual
4    liberty).

5    In this case, Wilson and the government agree that on September 16, 2013 Defendant
6    was alone in a Chevrolet Express van when he drove to the Wilcox, Arizona Border Patrol
7    Checkpoint on Highway 80. Once at the checkpoint an agent asked Wilson if he had any
8    aliens in the car and a canine smelled around the vehicle and alerted. At a secondary
9    inspection station, the canine again alerted inside the vehicle and a subsequent search
10   revealed marijuana. Counsel for Wilson acknowledged in his Motion to Suppress that
11   checkpoints north of the international border are acceptable for immigration purposes and
12   acknowledged during the August 4, 2014, hearing that the canine in this case was trained for
13   both human and drug detection. In other words, there do not appear to be any contested
14   issues of fact or law.

15   Specifically, Wilson's contentions that the checkpoint's alleged purpose of controlling
16   the flow of illegal aliens is really a front for its true purpose to recover narcotics is purely
17   speculation without any factual support. Further, the Ninth Circuit Court of Appeals has held
18   that the "effectiveness [of a checkpoint] is measured by the relationship of the checkpoint to
19   its objective, rather than by any measureable results, or by any results period." *Fraire*, 575
20   F.3d. at 934. There is no basis to conclude there is any contested issue of fact as to whether
21   the checkpoint is effective as measured by the relationship of the checkpoint to its objective.

22   In this case, the Court did not patently misunderstand a party, the Court did not make
23   a decision outside the adversarial issues presented to the Court, and the Court is not presented
24   with newly discovered evidence. Morever, there has not been a controlling or significant
25   change in the law or facts since the submission of the issue to the Court. Lastly, the Court
26   did not make an error not of reasoning but of apprehension, the Court did not commit clear

1  error, and the initial decision was not manifestly unjust. The Court declines to reconsider its
2  decision and declines to set the Motion to Suppress for an evidentiary hearing.
3      Accordingly, IT IS ORDERED the Motion to Reconsider Motion to Suppress Ruling
4  (Doc. 72) is DENIED.
5      DATED this 15th day of August, 2014.

*Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge

- 4 -